UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| STATE OF HAWAII, BY ITS OFFICE OF CONSUMER PROTECTION; | CIV. NO. 19-00230 LEK-WRP |
| Plaintiff, | |
| vs. | |
| DEXTER K. KAIAMA, | |
| Defendant. | |

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ORDER REMANDING ACTION TO STATE COURT

Before the Court is Plaintiff State of Hawaii, by its

Office of Consumer Protection's ("OCP") Motion for Order

Remanding Action to State Court ("Motion"), filed on May 10,

2019. [Dkt. nos. 4 (Motion), 5 (mem. in supp. of Motion).]

Defendant Dexter K. Kaiama ("Kaiama") filed his response to the

Motion ("Response") on June 28, 2019, and OCP filed its reply

("Reply") on July 5, 2019. [Dkt. nos. 18, 19.] The Court finds

this matter suitable for disposition without a hearing pursuant

to Rule LR7.2(d) of the Local Rules of Practice for the United

States District Court for the District of Hawaii ("Local

Rules"). On June 17, 2019, this Court issued an entering order

informing the parties of its rulings on the Motion. [Dkt.

no. 17.] The instant Order supersedes that entering order.

OCP's Motion is hereby granted in part and denied in part for the reasons set forth below.

**BACKGROUND**

This action arises from OCP's allegations that Kaiama and others contract with distressed property owners to help them avoid foreclosure or obtain mortgage assistance relief by claiming the Kingdom of Hawai`i still exists today, and therefore the State of Hawai`i is illegal, the state laws are unenforceable, and state courts have no authority in foreclosure cases. [Notice of Removal to United States District Court etc. ("Notice of Removal"), filed 5/5/19 (dkt. no. 1), Attachment A ("Complaint").] The three counts of the Complaint allege violations of the Mortgage Rescue Fraud Prevision Act, Haw. Rev. Stat. Chapter 480E. Kaiama contends removal is proper based on federal question jurisdiction because this action arises under the "Constitution, laws, or treaties of the United States" and is brought against "a foreign state or its agency or instrumentality." [Notice of Removal at ¶ 4 (some citations omitted) (citing 28 U.S.C. § 1441(c)(i)(a); 28 U.S.C. § 1441(d).] Further, as a foreign state, the Kingdom of Hawai`i is immune from the jurisdiction of the United States courts and the state courts, and the Kingdom of Hawai`i has never waived that immunity for either itself or its agencies and instrumentalities. [Id. at ¶ 23 (citing 28 U.S.C. § 1604); id.

at ¶ 25 (citing 28 U.S.C. § 1605).] Kaiama claims he is an agent or instrumentality of a foreign state because he is the acting Attorney General of the Kingdom of Hawai`i. [Notice of Removal at ¶ 15.]

In its Motion, OCP argues the instant action should be remanded because: 1) OCP exclusively pleads state law claims; 2) the Kingdom of Hawai`i does not exist; 3) Kaiama is not entitled to immunity as the Attorney General of the Kingdom of Hawai`i because the United States does not recognize him as holding that position, and his alleged conduct is outside the scope of that position; and 4) Kaiama's arguments involve political questions. OCP also asks this Court to rule that Kaiama's removal was improper under Fed R. Civ. P. 11. In his Response, Kaiama no longer opposes remand, due to changed circumstances. [Response at 2.]

## DISCUSSION

I. **Remand**

OCP's request to remand is granted because OCP and Kaiama are in agreement on this issue. See id. at 3 (Kaiama concedes that OCP only raises state law claims). Further, there is no legal basis for federal jurisdiction. Federal question jurisdiction does not exist because OCP only asserts state law claims, see 28 U.S.C. § 1331, and diversity jurisdiction does not exist because Kaiama is a Hawai`i citizen for purposes of 28

U.S.C. § 1332(a), see mem. in supp. of Motion, decl. of John N.

Tokunaga ("Tokunaga Decl."), Exh. C[1] at 6-7 (Kaiama's passport

application, stating he was born in Honolulu, Hawai`i, and his

permanent address is in Kailua, Hawai`i).

## II.  **Rule 11 Violation**

OCP also seeks a ruling that removal "was clearly

frivolous, legally unreasonable and without legal foundation,

and brought for the improper purpose of avoiding the merits of

[OCP's] state law claims, in violation of Rule 11." [Mem. in

supp. of Motion at 2-3.]  The Motion, however, does not request

Rule 11 sanctions.  OCP's request is similar to the request that

it made in U.S. Bank Trust, N.A. v. Fonoti, Civil No. 18-00118

SOM-KJM, 2018 WL 3433295, at *12 (D. Hawai`i June 29, 2018).[2]  In

Fonoti, OCP intervened in a foreclosure action and sought leave

to add Kaiama.  Id. at *3.  OCP's motion to intervene alleged

---

[1] Exhibit C is a letter, dated August 27, 2018, to
Mr. Tokunaga, from M. Pleasant, Team Lead, Law Enforcement
Liaison Division, Office of Legal Affairs, Passport Services,
with attachments.  The letter transmits, pursuant to the Privacy
Act, 5 U.S.C. § 552a(b)(7), documents from Kaiama's passport
records.  [Tokunaga Decl., Exh. C at 1.]
Exhibit C consists of multiple documents that are not
consecutively paginated.  All citations to Exhibit C refer to
the page numbers assigned by the district court's electronic
case filing system.

[2] 2018 WL 3433295 was the magistrate judge's report and
recommendation adopted, which was adopted by the district judge
on July 16, 2018.  2018 WL 3431923.

similar claims to those that prompted this action against
Kaiama, and OCP's motion for remand sought a ruling that he
violated Rule 11.  Id. at *3, *11.  This district court denied
the request because OCP "did not file a separate motion, did not
explain which provision of Rule 11 [Kaiama] violated, nor did
[OCP] propose an appropriate sanction for the Court to impose,"
and "[n]othing in Rule 11 establishes a basis . . . to simply
'find' that [Kaiama] violated Rule 11."  Id. at *12.  Here, like
in Fonoti, OCP only asks this Court to rule that Kaiama violated
Rule 11.  OCP neither filed a separate motion, explained which
provision of Rule 11 Kaiama violated, nor proposed an
appropriate sanction.  For the reasons stated in Fonoti, OCP's
request is denied.

## III. **Other Relief**

OCP contends Kaiama repeats the same arguments as
those that were censured by the Hawai`i Supreme Court in an
Order of Public Censure ("Censure Order"), and OCP asks this
Court to refer this matter to the Office of Disciplinary Counsel
("ODC") "to consider whether more severe punishment is in order
in light of Kaiama's disregard of the [Censure Order]."[3]  [Reply
at 6.]  This Court takes no position on this request and reminds

---

[3] The Censure Order, issued on May 1, 2017, is attached to
the memorandum in support of the Motion as Exhibit D.

OCP that it can refer this matter to the ODC.  <u>See</u> Haw. R. Prof'l Cond. 8.3(a) ("A lawyer who knows that another lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question as to the lawyer's honesty, trustworthiness, or fitness as lawyer in other respects, shall inform the appropriate professional authority.")

To the extent that OCP wishes to recover removal-related attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c), such a request is appropriate, but must be made in a separate motion because the Motion did not request an award for fees and costs.

<u>**CONCLUSION**</u>

On the basis of the foregoing, OCP's Motion for Order Remanding Action to State Court, filed May 10, 2019, is HEREBY GRANTED IN PART AND DENIED IN PART.  The Motion is GRANTED insofar as the instant case is REMANDED to the state court.  The Motion is DENIED in all other respects.  The Clerk's Office is DIRECTED to effectuate the remand on **August 12, 2019** unless a timely motion for reconsideration of the instant Order is filed.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, July 26, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**STATE OF HAWAI`I VS. DEXTER K. KAIAMA; CV 19-00230 LEK; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ORDER REMANDING ACTION TO STATE COURT**